IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01969-WJM-KLM

MICHAEL R. O'CONNOR,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
ANGEL MEDINA, Warden, Limon Correctional Facility,

    Respondents.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte*.  Since at least November 2010, Applicant's state court record has been unavailable for federal habeas review due to a collateral appeal filed by Applicant in the Colorado Court of Appeals ("CCA") [Docket Nos. 45, 51 & 53].  On April 5, 2011, Respondents informed the Court that the state court record was in the possession of the CCA, and that the appellate process may not be completed until the end of 2011.  *Respondents' Status Report* [#53] at 1.  Upon review of the Status Report, I directed Respondents to "summariz[e] the issues involved in the appeal, describ[e] the impact, if any, of the appeal on the remaining issues involved in Applicant's habeas application, and provid[e] an updated estimate of time for the CCA's resolution." *Order* [#55] at 1.  I also noted that review of the state court record is an indispensable part of resolving Applicant's habeas application." *Id.*  Thus, I advised the parties that review of the application must necessarily wait until the state court record becomes available for

transmission to the Court.  *Id.*

Respondents filed a second Status Report on July 13, 2011 informing that Court that Applicant's collateral appeal remains pending and that a decision is not expected from the CCA until August or September 2011.  *Second Status Report* [#56] at 3.  Moreover, should Applicant seek reconsideration or certiorari review, the appeal would not be expected to conclude until the end of 2011.  *See id.*  Respondents also note that the collateral appeal relates to the trial court's denial of a postconviction relief motion which alleges that postconviction relief counsel provided ineffective assistance.  *Id.* at 2.  The present habeas Application alleges that appellate counsel provided ineffective assistance.  *See Order* [#34] at 2.  Respondents suggest that if Applicant's appeal is successful, it may result in a remand to the trial court for a ruling on the merits of whether postconviction relief counsel's conduct entitles Applicant to reconsideration of his conviction or sentence.  *See Second Status Report* [#56] at 2.

Further, despite the fact that the state court and habeas claims are distinct, Respondents contend that the collateral appeal raises an issue as to whether Applicant's present habeas claim is unexhausted.  *See id.*  However, the Court notes that a determination has already been made that the habeas claim is exhausted and, for the present time, that decision operates as the law of the case.  *See Order* [#31] at 6.  Nevertheless, the Court finds that the uncertainty created by a collateral appeal that could obviate this Court's review of Applicant's habeas application, coupled with the fact that the state court record is not available for the Court's review, counsel in favor of administratively closing the case until the collateral appeal is resolved and, if appropriate, the state court record is transmitted to the Court.  "Administrative closure of a case that cannot be

presently adjudicated is simply a mechanism by which [a] deferral can be effectuated without sacrificing any party's ability to assert the current claims at a future date." See *Murphy v. Archuleta*, 06-cv-01899-MSK-KLM, 2009 WL 1456727, at *6 (D. Colo. May 21, 2009) (unpublished decision). Moreover, such an "approach is a sound compromise that accommodates the [applicant's] right to an informed adjudication of his claims and the Court's need to remove dormant cases from its active docket." *Id.* (noting that "the delay in adjudication of the claims herein is simply an inevitable consequence of the [applicant's] chosen legal strategy"). Accordingly,

IT IS HEREBY **RECOMMENDED** that Applicant's case be administratively closed pursuant to D.C.COLO.LCivR 41.2, pending a motion to reopen the case which certifies the conclusion of the collateral appeal and the availability of the state court record. If such a motion is filed, I further recommend that the District Judge find that good cause exists to reopen the case.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review

by the District Judge or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 13, 2011

                                        BY THE COURT:

                                         s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix