IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01969-WJM-KLM

MICHAEL R. O'CONNOR,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
ANGEL MEDINA, Warden, Limon Correctional Facility,

    Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    Before the Court is an **Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Docket No. 24; Filed December 29, 2009] (the "Amended Application") filed by Michael R. O'Connor ("Applicant"). The Amended Application presents two claims, and the second claim has two parts. *See Ord.*, [#34] at 2. After reviewing Respondents' Pre-Answer Response [#27], Applicant's Reply [#28], and Applicant's Response to an Order to Show Cause [#33], District Judge Philip A. Brimmer dismissed without prejudice Applicant's Claims 1 and 2(a) as unexhausted, and permitted Claim 2(b) to be drawn for review. *Ord.*, [#34]. Respondents filed an Answer objecting to Claim 2(b) of the Amended Application on April 8, 2010 [#38]. Applicant submitted a Traverse in response to the Answer on May 11, 2010 [#43].

    During the preliminary stages of this proceeding, a state appeal filed by Applicant related to the Amended Application remained pending in the Colorado Court of Appeals, Case No. 09CA2617. *See Status Rep.*, [#49]. Thus, the state court record was

1

unavailable for the Court's review. *See Min. Ord.*, [#55]. On July 13, 2011, the undersigned recommended that this matter be administratively closed, pending resolution of the state court appeal and transfer of the state court record to this District. *Rec.*, [#57]. The District Judge rejected the Recommendation as moot on November 28, 2011, because the Colorado Court of Appeals issued a decision on Applicant's appeal on August 18, 2011, and affirmed the lower court's decision. *Ord.*, [#60]; *see also People v. O'Connor*, No. 09CA2617, 2011 WL 3621480 (Colo. App. Aug. 18, 2011) (unpublished). The state court record was lodged on the docket on December 12, 2011. *Record*, [#65].

The Amended Application is now ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Amended Application is referred to this Court for a recommendation regarding disposition. *Ord.*, [#54]. The Court has considered the relevant pleadings, the state court record, and the applicable case law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully recommends that the Amended Application be **DENIED**, and Applicant's remaining Claim 2(b) be **DISMISSED WITH PREJUDICE**.

## I. Summary of the Case

On August 28, 2002, the Adams County District Court entered a judgment of conviction against Applicant on a jury verdict finding him guilty of one count of second degree murder, as a lesser included offense to the charged count of first degree murder. *Am. Appl.*, [#24] at 1-2; Adams County District Court No. 01CR2949, [#10] at 13. The Applicant was sentenced to 36 years imprisonment, plus five years of mandatory parole. [#24] at 2; *see also People v. O'Connor*, No. 03CA0410, *Ord.*, [#10] at 10-11 ("*O'Connor I*"). Applicant timely filed a direct appeal in the Colorado Court of Appeals. *O'Connor I*,

[#10] at 10-13. On September 16, 2004, the Colorado Court of Appeals affirmed the judgment of conviction. *Id.* Applicant did not petition the appellate court for rehearing and did not petition the Colorado Supreme Court for certiorari. [#24] at 3; *Answer*, [#38] at 2. The mandate of the Colorado Court of Appeals issued on November 29, 2004. [#18-4].

On July 28, 2005, Applicant filed his first postconviction motion pursuant to Colorado Rule of Criminal Procedure 35(c). [#38] at 2; [#27-1] at 20 (state court docket entries). The Adams County trial court reopened the underlying criminal proceeding and set the matter for a Rule 35(c) hearing, held on June 2 and 5, 2006. [#27-1] at 20, 21. The trial court issued a written order denying the Rule 35(c) motion on July 6, 2006. *Id.* at 21. Applicant appealed the denial of this first postconviction motion, and the Colorado Court of Appeals affirmed the trial court on October 2, 2008. *See id.* (Notice of Appeal filed on August 24, 2006); *see also People v. O'Connor*, No. 06CA1721, *Ord.*, [#10] at 14-34 ("*O'Connor II*"). Applicant filed a petition for certiorari seeking review of the denial of his first Rule 35(c) motion, which the Colorado Supreme Court denied on February 17, 2009. *O'Connor v. People*, No. 08SC1050, 2009 WL 377132 (Colo. Feb. 17, 2009) (unpublished decision); *see also* [#18-8] at 2.

Applicant filed a subsequent Rule 35(c) motion on September 23, 2009, which the trial court denied as successive on October 2, 2009. [#27-1] at 23. Applicant filed his Notice of Appeal as to the October 2, 2009 denial on December 7, 2009. *Id.* As mentioned above, the Colorado Court of Appeals issued a decision on Applicant's appeal on August 18, 2011, and affirmed the trial court's rejection of the Rule 35(c) motion as successive. *See Ord.*, [#60]; *see also People v. O'Connor*, No. 09CA2617, 2011 WL 3621480 (Colo. App. Aug. 18, 2011) (unpublished).

Contemporaneously with the above-described appeal of the trial court's denial of Applicant's September 23, 2009 Rule 35(c) motion as successive, Applicant commenced the present action pursuant to 28 U.S.C. § 2254 on August 20, 2009. *See* [## 1-3]. Applicant filed his initial application on August 28, 2009. [#10]. Plaintiff submitted an Amended Application, which is the operative document, on December 29, 2009. [#24]. On initial review, District Judge Philip A. Brimmer dismissed Applicant's Claims 1 and 2(a) without prejudice as unexhausted. *Ord.*, [#34] at 4. The remaining Claim 2(b) was drawn to District Judge William A. Martínez and the undersigned. *See id.* at 3.

Applicant's Claim 2(b), the sole remaining claim, asserts that Applicant's appellate counsel was ineffective in violation of Applicant's constitutional rights for failing to raise certain meritorious claims on direct appeal, including: i) the admission at trial of Applicant's out-of-court statements that were incomplete and taken out of context; ii) the trial court's refusal to admit evidence of the victim's propensity for violence; and iii) the trial court's refusal to grant a mistrial. *Id.* at 2; *see also* [#24] at 6-8.

## II. Analysis

### A.  Applicant's *Pro Se* Status

Applicant is proceeding *pro se*. Therefore, the Court must construe his Amended Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural errors he may have committed. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not Applicant's advocate, and it must deny his Amended Application if it is based on nothing more than vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

**B.     Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus may be granted only if the applicant's conviction or sentence was based on an underlying state court decision that (1) was "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).

The first and second standards of review involve claims of clear legal error. The Court considers an applicant's claims of clear legal error only if it first "affirmatively answer[s] the threshold question" of whether clearly established federal law exists. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008). A state court decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent, i.e., it arrives at a conclusion that is "opposite" or "diametrically different" from the precedent. *Williams*, 529 U.S. at 406. A state court decision involves an unreasonable application of federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

The third standard of review involves claims of factual error. When reviewing an application for a writ of habeas corpus, a state court's findings of fact are entitled to a presumption of correctness. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, an applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). While this standard requires a substantial showing by the applicant, "deference [to the state court's factual determinations] does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### C. Applicant's Claim Under the Sixth Amendment

Here, the crux of Applicant's challenge to his imprisonment rests on his belief that counsel who represented him in his direct appeal was ineffective, because appellate counsel should have raised the following three additional issues on direct appeal: i) the admission at trial of Applicant's out-of-court statements that were incomplete and taken out of context; ii) the trial court's refusal to admit evidence of the victim's propensity for violence; and iii) the trial court's refusal to grant a mistrial on three separate occasions.[1] In order to determine whether appellate counsel should have raised the identified three issues (and, whether appellate counsel was ineffective), the Court reviews the Colorado Court of Appeals' order affirming the denial of Applicant's first Rule 35(c) motion for an unreasonable application of federal law or a conclusion that is contrary to federal law. As further explained below, the Court finds that the Colorado Court of Appeals properly applied the *Strickland* standard established by the United States Supreme Court to the claims

---

[1] Appellate counsel raised only one issue on direct appeal, regarding whether the trial court "erred in the instructions to the jury concerning the affirmative defense of self-defense." *Opening Brief*, [#18-2] at 4.

6

raised by Applicant, and, pursuant to Colorado state law, appropriately concluded that Applicant could not prove that appellate counsel's allegedly deficient performance prejudiced his defense in violation of the Sixth Amendment.

Applicant contends that he was deprived of his right to effective assistance of counsel on direct appeal pursuant to the Fourteenth Amendment. [#24] at 6. The Sixth Amendment, applicable to the states through the Fourteenth Amendment, guarantees a defendant's right in a criminal proceeding to effective assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) (holding that "the Sixth Amendment's guarantee of counsel" is "a provision of the Bill of Rights which is fundamental and essential to a fair trial [and it is therefore] made obligatory upon the [s]tates by the Fourteenth Amendment"). Thus, the Court evaluates Applicant's remaining Claim 2(b) pursuant to the Sixth Amendment.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right is violated when a defendant receives ineffective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970) ("if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel"); *see also Powell v. State of Ala.*, 287 U.S. 45, 59 (1932) (when the assistance of counsel "was rather pro forma than zealous and active," the "defendants were not accorded the right of counsel in any substantial sense").

The Supreme Court established a definitive rule regarding the requirements for showing ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In order for a writ of habeas corpus to issue on a claim of ineffective assistance, an applicant must prove two elements: (1) "his counsel's representation fell below an objective

7

standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) his counsel's "deficient performance prejudiced the defense," *id.* at 687. To prove prejudice to the defense, an applicant must show "that counsel's errors were so serious as to deprive [the applicant] of a fair trial, a trial whose result is reliable." *Id.*; *see also id.* at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.").

In other words, to demonstrate prejudice, an applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also id.* at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also id.* at 695 ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."). The Court need not address both elements of an ineffective assistance claim if an applicant fails to make a showing on one of them. *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

"A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotations and citation omitted). "In assessing appellate counsel's assistance under *Strickland*, [the Court

must] examine the merits of the omitted issue[s]." *Calvert v. Dinwiddie*, No. 11-5044, 2012 WL 414439, at *5 (10th Cir. 2012) (unpublished).

Applicant alleges three specific errors by his appellate counsel. The Court considers each alleged error in turn, mindful that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689; *see also Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) (for counsel's performance to be constitutionally ineffective, "it must have been completely unreasonable, not merely wrong").

### (1) Failure to Challenge Admission of Applicant's Out-of-Court Statements

Applicant contends that appellate counsel failed to challenge the trial court's admission of "incomplete statements" at trial, which were "taken out of context" and thus, "inculpatory."[2] [#24] at 6. Applicant believes that an attempt to introduce his complete statements would have been met by the introduction into evidence of his prior felony convictions by the prosecution. *Id.* at 7. Applicant asserts that the trial court's ruling as to the "incomplete statements," including Applicant's reluctance to open the door to the introduction of his prior felony convictions, "impermissably [sic] infringed upon [Applicant's] constitutional right to testify and/or remain silent." *Id.* Applicant thus suggests that appellate counsel should have raised this issue in his direct appeal. *Id.* at 6.

The Colorado Court of Appeals limited its review of this issue in its adjudication of Applicant's Rule 35(c) appeal (*O'Connor II*) to determining whether Applicant suffered any prejudice as a result of the alleged deficiency of counsel. *See* [#10] at 18. The Colorado

---

[2] Pursuant to the facts recounted in *O'Connor I*, Applicant was found guilty after "fatally stab[bing] the victim during an argument." [#18-3] at 3. Applicant presented a theory of self-defense at trial. *Id.*

9

Court of Appeals applied *Strickland* to Applicant's argument related to his out-of-court statements, *see Order* [#10] at 17-18, and found as follows:

> At trial, the prosecution called a witness to testify about statements defendant made to her concerning the events of the charged offense. Defendant contends that the witness testified to only a portion of defendant's statements and, based on the rule of completeness, he was entitled to "put before the jury" the entirety of his hearsay statements in order to show that "he was jumped" and that he "was forced to stab [the victim] in self-defense." Defendant further contends that the trial court incorrectly ruled that, should defendant introduce these additional statements his credibility would be subject to impeachment with a prior felony conviction. Because the trial court's ruling, if error, was harmless, we need not address these arguments.
>
> In her testimony, the witness explained that defendant admitted to stabbing the victim and further testified that defendant had told her that the victim and another man "were both jumping him," and that he was fighting them both at the same time. In addition, a police officer testified that another witness told him that "[the victim] fucked [defendant] up and then [defendant] stabbed [the victim]." These statements supported defendant's theory of self-defense and "put before the jury" the same evidence defendant contends he should have been allowed to present through his further hearsay statements made to the witness. *See Stolz v. People*, 72 Colo. 226, 227, 210 P. 693 (1922) ("[e]ven if the ruling of the court was an abuse of discretion . . ., such error, if any, was cured and rendered harmless by the subsequent reception of the exhibit in evidence"); *see also People v. Pack*, 797 P.2d 774, 775 (Colo. App. 1990) (trial court's error in excluding defendant's exculpatory post-crime statement was harmless since it was merely cumulative of later witnesses' testimony).
>
> Moreover, even though defendant did not testify, the same evidence was presented to the jury, and the prosecution was not able to impeach him with his prior felony conviction. Thus, the trial court did not "interfere with [defendant's] right to present a defense to the charges against him."
>
> Last, defendant asserts that the trial court's ruling "placed an impermissible burden on [his] decision of which constitutional right to exercise—the 5th Amendment right not to testify, or the 6th and 14th Amendment rights to testify on his own behalf." We do not address this argument because defendant did not raise it before the trial court, and, therefore, it would not have been addressed by the division had his appellate counsel raised it on direct appeal. *See People v. Cagle*, 751 P.2d 614, 619 (Colo. 1988) (an appellate court will not consider constitutional issues, which were not raised at trial, for the first time on appeal).

*Id.* at 19-21.

As described above, to demonstrate prejudice, Applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693, 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *see also Cooks*, 165 F.3d at 1292-93 (the Court need not address both of the performance and prejudice elements of an ineffective assistance claim if an applicant fails to make a showing of one of them). The Court has reviewed the record and it agrees with the decision of the Colorado Court of Appeals. In essence, Applicant claims that the incompleteness of his statements admitted during trial prejudiced his assertion of self-defense. The Colorado Court of Appeals properly applied the *Strickland* standard and Colorado state law in determining that the admission of what Applicant believes would have been complete statements would not have resulted in a different conclusion on direct appeal. The statements of the witnesses during trial supported Applicant's theory of self-defense and "put before the jury the same evidence [Applicant] contends he should have been allowed to present through his further hearsay statements made to the witness." *Ord.*, [#10] at 20; *see also Record*, *Tr.* (Aug. 20, 2002), Vol. 17 at 142 (witness's statement that Applicant "made the statement that, Your [sic] dad and Eddie jumped me and I stabbed Eddie"); *Tr.* (Aug. 22, 2002), Vol. 20 at 36 (witness admitted telling police "that Eddy fucked [Applicant] up and then [Applicant] stabbed him"); and *Tr.* (Aug. 23, 2002), Vol. 21 at 59 ("[Applicant] said Eddie had sucker punched him and then they proceeded to get into a fight, and at some point he pulled out the knife and started stabbing Eddie").

The Court must defer to the Colorado Court of Appeal's interpretation of Colorado state law in its determination of whether Applicant was prejudiced by appellate counsel's

performance, because "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  Therefore, the Court finds that the Colorado Court of Appeals' application of *Strickland* to Applicant's first alleged error by appellate counsel was not contrary to or an unreasonable application of clearly established federal law.  In light of the stringent legal standard applied to Applicant's arguments as stated above, the Court recommends finding that Applicant's first allegation of error does not state a valid ineffective assistance of counsel claim.

### (2)   Failure to Challenge Trial Court's Refusal to Admit Evidence of Witness's Propensities

Applicant alleges that at trial, defense counsel "attempted to introduce evidence" that an individual present at the alleged crime "had a propensity for becoming violent when drinking."  [#24] at 7 (this individual was also called as a witness at trial).  Applicant recounts that the trial court rejected this evidence as "prejudicial rather than probative." *Id.* Applicant believes that the trial court's refusal to admit the evidence resulted in the denial of a fair trial, "because it did not allow him to present [a] complete defense" related to his assertion of self-defense. *Id.*  Applicant thus suggests that appellate counsel should have raised this issue on direct appeal. *Id.* at 6.

The Colorado Court of Appeals rejected this argument in its adjudication of Applicant's Rule 35(c) appeal (*O'Connor II*).  *See* [#10] at 22.  The Colorado Court of Appeals again applied its interpretation of Colorado state law in making its determination, and found as follows:

> We reject defendant's argument that he was prejudiced because his appellate counsel failed to appeal the trial court's ruling excluding evidence

12

> that a trial witness, who was the victim's companion and also allegedly assaulted defendant, had a "tendency towards violence when intoxicated."
>
> Upon direct examination of the witness at trial, defendant's trial counsel attempted to present testimonial character evidence of the witness's propensity for violence to support defendant's claim of self-defense by showing that the witness and the victim were the initial aggressors. The trial court ruled that whether the witness "has a tendency to pick fights" when he drinks was irrelevant and defendant's counsel had failed to lay a proper foundation for the question.
>
> Trial courts have broad discretion to make evidentiary determinations. CRE 401, 403. The sound discretion of the trial court will not be overturned on appeal unless the court's evidentiary ruling was manifestly arbitrary, unreasonable, or unfair. *People v. Melillo*, 25 P.3d 769, 773 (Colo. 2001). It is the trial court's responsibility to ensure an adequate foundation has been laid for reputation evidence, and appellate courts will disturb the trial court's ruling only on a clear showing of prejudicial abuse of discretion. *People v. Erickson*, 883 P.2d 511, 514 (Colo. App. 1994) (citing *United States v. Watson*, 669 F.2d 1374, 1381 (11th Cir. 1982) ("A trial court's determination that the foundation of a reputation witness is inadequate will ordinarily not be overturned on appeal.")).
>
> Here, we need not determine whether evidence of the witness's character trait for violence is relevant to the issue of defendant's claim of self-defense. *See People v. Jones*, 675 P.2d 9, 16 (Colo. 1984) ("Evidence of the victim's character trait for violence is legally relevant . . . ." (emphasis added)). Whether defendant attempted to show the witness's propensity for violence by specific act or opinion and reputation evidence, a proper foundation is required in either instance. *See People v. Jones*, 635 P.2d 904, 907 (Colo. App. 1981) (before exception applies allowing introduction of specific act of violence, defendant must lay a proper foundation), *aff'd in part and rev'd in part*, 675 P.2d 9 (Colo. 1984); *Erickson*, 883 P.2d at 514-15 (defendant's offer of proof failed to establish witness could speak with authority on terms in which victim was regarded in community).
>
> It is clear from the record that defendant failed to lay any foundation for the question concerning the witness's propensity for violence and did not make an offer of proof to establish a foundation. Therefore, the trial court did not abuse its discretion in sustaining the prosecution's objection.

[#10] at 22-24.

In his Traverse, Applicant asks the Court to reach the merits of his claim that admission of the evidence regarding the witness's propensity for violence would have

13

supported Applicant's assertion of self-defense. [#43] at 7.  Applicant contends that this Court should reach the merits of his claim even though the Colorado Court of Appeals rejected the claim on state procedural grounds.[3]  *Id.* at 7-8.

Respondents aver that the Colorado Court of Appeals properly rejected Applicant's claim on the basis that during trial, defense counsel failed to lay a proper foundation for introduction of the character evidence pursuant to Colorado state evidentiary rules. [#38] at 21.  The Court finds Respondents' position compelling.  Respondents correctly cite to United States Supreme Court precedent dictating that, "[i]n the exercise of [the right of an accused to present witnesses in his own defense], the accused . . . must comply with established rules of procedure and evidence."  *Id.* at 21-22 (citing *Chambers v. Miss.*, 410 U.S. 284, 302 (1973)).  As further explained by Respondents, application of Colorado law governing foundation for character, reputation, or opinion evidence demonstrates that Applicant's trial counsel did not lay a proper foundation for introduction of the witness's alleged propensity for violence.[4]  *See id.* at 22-24; *see also Record, Tr.* (Aug. 23, 2002), Vol. 21 at 33-34 (trial court sustaining prosecution's objection to defense line of questioning regarding witness's "tendency to pick fights" as irrelevant and without foundation).

The Court has reviewed the record and it agrees with the decision of the Colorado Court of Appeals.  Again, the Colorado Court of Appeals applied the *Strickland* standard

---

[3] The case relied on by Applicant does not stand for the proposition cited.  Applicant refers to *Dye v. Hofbauer*, 546 U.S. 1 (2005) in support of his suggestion that the Court reach the "merits" of his character evidence claim, because the Colorado Court of Appeals had the opportunity to do so but declined.  *Dye* does not support this proposition.  *Dye* concerned two errors in an opinion issued by the Michigan Court of Appeals: 1) that the applicant raised a federal law claim in his petition, and 2) that the applicant stated his claim of prosecutorial misconduct with particularity. 546 U.S. at 3-4.  Neither of these issues are present in the matter at hand.

[4] This habeas petition concerns the effectiveness of Applicant's appellate counsel, thus the Court refrains from evaluating the effectiveness of trial counsel, which was not an issue raised on direct appeal or in Applicant's postconviction motion.

to Applicant's second alleged error by appellate counsel in a manner not contrary to or not constituting an unreasonable application of clearly established federal law.  The Colorado Court of Appeals did so by evaluating the merits of Applicant's assertion of error pursuant to Colorado state law, and determined that presentation of the second alleged error on direct appeal would not have warranted a different result, because at trial, defense counsel failed to establish the proper foundation for introduction of the witness's character evidence. *Ord.*, [#10] at 24.  This Court is bound by the Colorado Court of Appeals' interpretation of Colorado state law.  *See Bradshaw*, 546 U.S. at 76.  In light of this stringent legal standard applied to Applicant's arguments as stated above, the Court recommends finding that Applicant's second allegation of error does not state a valid ineffective assistance of counsel claim.

### (3)     Failure to Challenge Trial Court's Refusal to Grant a Mistrial

Applicant contends that the trial court should have granted a mistrial on the basis of one of the following three events: i) the sanctioning of defense counsel "virtually . . . in front of the jury" for arriving fifteen minutes late; ii) the trial court's requirement that the trial proceed with defense co-counsel when primary counsel was absent due to illness, even though co-counsel was unprepared; and iii) the tendering of a letter by the prosecution which revealed certain previously redacted information, without any explanation to the jury of the previously redacted information.  *Am. Appl.*, [#24] at 7-8; *Ord.*, [#34] at 2; *Traverse*, [#43] at 8-9.  Applicant avers that appellate counsel should have raised the denial of trial counsel's three requests for mistrial on direct appeal.  [#24] at 6-7.

The Colorado Court of Appeals rejected these contentions in its adjudication of Applicant's Rule 35(c) appeal (*O'Connor II*).  *See Ord.*, [#10] at 24-27.  The Colorado Court of Appeals again applied its interpretation of Colorado state law in making its determination,

15

and found as follows:

> We reject defendant's argument that his appellate counsel was ineffective because he did not appeal the trial court's rulings denying defendant's requests for mistrial and a continuance.
>
> Because mistrial is a drastic remedy, the trial court has discretion to grant or deny a motion for a mistrial, and a reviewing court shall not disturb the trial court's decision to grant or deny a motion for mistrial absent a clear abuse of discretion. *People v. James*, 117 P.3d 91, 95-6 (Colo. App. 2004). The decision to declare a mistrial is made on a case-by-case basis, and a trial court must examine the circumstances of the case before it. *See Bloom v. People*, 185 P.3d 797, 807 (Colo. 2008). Factors relevant to a trial court's exercise of discretion to declare mistrial may include the nature of the events leading up to the request for mistrial, the value of a cautionary instruction, and the administration of honest, fair, even-handed justice to either, both, or any of the parties to the proceeding, including possible prejudice to the defendant. *See generally People v. Vigil*, 718 P.2d 496, 505 (Colo. 1986); *People v. Abbott*, 690 P.2d 1263, 1269 (Colo. 1984); *People v. Castro*, 657 P.2d 932, 942 (Colo. 1983).
>
> Three events occurred at trial that prompted defendant's counsel to request a mistrial.
>
> First, the trial court fined defendant's counsel for being late on the second day of trial. The court refused to commence the trial until counsel paid her fine, which required her to retrieve her checkbook by walking past the waiting jury outside the courtroom. The record indicates that no one had "communicated to the jury why the delay in the proceedings [had] occurred." In fact, to prevent the jury from attributing the delay to defendant's counsel, the court told the jury that the delay was "really not attributed to anyone or any one person."
>
> Second, the same defense counsel was ill the following day, and the trial court granted a full-day continuance. Defendant requested a second consecutive full-day continuance the next day because counsel was still ill. Because co-counsel was present, the trial court denied this request. Defendant then requested a mistrial.
>
> The court denied defendant's request and allowed an attorney from the public defender's office to appear in the absent counsel's stead to assist co-counsel. Then, the court advised the jury that counsel was ill, told them that they should not draw any inferences from her absence, and reminded them that they were "required to decide this case based on the evidence presented and the instructions of the court."

>           Third, defendant requested a mistrial following the testimony of a handwriting expert. The expert examined a letter, and had to lift a post-it note on the letter in order to answer prosecution's questions about its chain of custody. Defendant argued that the expert's actions revealed to the jury that something in the letter was redacted. The trial court denied defendant's request because the letter was not admitted as evidence. Noting that defense counsel could have addressed the issue on re-cross-examination, the court ruled that there was not "any prejudice to the defendant."
>
>           On all three occasions, the record reflects that the trial court carefully considered the circumstances before it, and, when necessary, issued cautionary instructions to the jury in an effort to prevent any prejudice to defendant. Thus, the trial court did not abuse its discretion when it denied defense counsels' requests for mistrial.

[#10] at 24-27.

Applicant believes that the cumulative effect of the three events "denied him a fair trial before an impartial jury." *Traverse*, [#43] at 8. Applicant relies on *Sacher v. United States*, 343 U.S. 1 (1952) for the proposition that "the act of summoning an attorney before the bench . . . and imposing sanctions . . . was likely to prejudice the attorney's client." *Id.* at 10. Respondents' only argument as to Applicant's third allegation of error is that because the Colorado Court of Appeals applied only state law to its Rule 35(c) adjudication of the claim of error, this Court is bound by that determination, and cannot find that Applicant was prejudiced by the omission of the issue from the direct appeal. *Answer*, [#38] at 24-25.

Again, this Court is not permitted to "second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law." *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994). The Court is limited to determining whether the Colorado Court of Appeal's Rule 35(c) determination "[ran] afoul of federal law." *Bowser*, 20 F.3d at 1065. The Court finds that it did not. Consistent with Colorado state law prescribing deference to a trial court's decision to grant

or deny a mistrial, the Colorado Court of Appeals found that the trial court properly exercised discretion in making the decision to deny Applicant's requests for a mistrial, and appropriately took mitigating action, such as reminding the jury that they were "required to decide this case based on the evidence presented and the instructions of the court."  *Ord.*, [#10] at 26-27; *see also Record*, *Tr.* (Aug. 20, 2002), Vol. 17 at 9 (trial court noting that no jurors were present in the courtroom when the fine for tardiness was assessed against defense counsel), 12 (trial court advising the jury that "unavoidable delay . . . [was] not attributed to anyone or any one person"); *Tr.* (Aug. 21, 2002), Vol. 18 at 12 (trial court informing the jury without counsel or Applicant present that "one of the lawyers is very ill this morning and not available" and "[d]on't draw any inferences whatsoever from the delay or attribute it to anyone"); *Tr.* (Aug. 22, 2002), Vol. 19 at 21-22 (trial court informing the jury that the absence of one of Applicant's counsel "should have no bearing at all whatsoever in terms of how you look at this case, and please draw no inferences from her nonappearance here today . . . You folks are required to decide this case based on the evidence presented and the instructions of the Court"); and *Tr.* (Aug. 26, 2002), Vol. 23 at 189-92 (trial court rejecting defense counsel's request for mistrial based on presentation of the redacted letter, because the issue could have been, but was not, presented in front of the jury on recross-examination).  In light of this finding, the Colorado Court of Appeals held that the second prong of the *Strickland* test was not met, in that Applicant could not prove prejudice by appellate counsel's omission of this issue from the direct appeal.  *Ord.*, [#10] at 18-19.

      The Court agrees with the Colorado Court of Appeals.  The Colorado Court of Appeals properly applied *Strickland* and Colorado state law to its evaluation of Applicant's claim related to his appellate counsel's failure to challenge the trial court's denial of his

requests for a mistrial during the underlying criminal proceeding. Therefore, the Court recommends finding that Applicant's third allegation of error does not state a valid ineffective assistance of counsel claim.

### III. Conclusion

For the reasons set forth above, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required. Accordingly, the Court respectfully **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#24] be **DENIED** and that Applicant's remaining Claim 2(b) be **DISMISSED WITH PREJUDICE**.

The Court FURTHER **RECOMMENDS** that the District Judge certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the conclusions stated in this recommendation would not be taken in good faith and therefore *in forma pauperis* status should be denied for purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he should be ordered to pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

The Court FURTHER **RECOMMENDS** that no certificate of appealability be issued because Applicant has not made a substantial showing of a constitutional right.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated: April 17, 2012

                                                                   BY THE COURT:

                                                                   Kristen L. Mix
                                                                   United States Magistrate Judge