**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 09-cv-01969-WJM-KLM

MICHAEL R. O'CONNOR,

      Applicant,

v.

ANGEL MEDINA, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ADOPTING AND AFFIRMING THE APRIL 17, 2012 RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 17, 2012 Recommendation by U.S.

Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 67) that Applicant

Michael R. O'Connor's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2254 be denied, and that Applicant's sole claim remaining in this action be dismissed

with prejudice.  The Recommendation is incorporated herein by reference.  *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

The facts relevant to a resolution of the Application for a Writ of Habeas Corpus

are detailed in the Recommendation.  Briefly, Applicant, proceeding *pro se,*

commenced the present action pursuant to 28 U.S.C. § 2254 on August 20, 2009.

(ECF Nos. 1-3.)  Applicant filed his initial application on August 28, 2009 (ECF No. 10)

and submitted an Amended Application on December 29, 2009 (ECF No. 24).  On initial

review, the Court dismissed Applicant's Claims 1 and 2(a) without prejudice as unexhausted. (ECF No. 34.)

Applicant's Claim 2(b), the sole remaining claim, asserts that Applicant's appellate counsel was ineffective in violation of Applicant's constitutional rights by failing to raise certain claims on direct appeal, including: (1) the admission at trial of Applicant's out-of-court statements that were allegedly incomplete and taken out of context; (2) the trial court's refusal to admit evidence of the victim's propensity for violence; and (3) the trial court's refusal to grant a mistrial. (*Id*. at 2.)

On April 17, 2012, the Magistrate Judge issued her Recommendation that the Application for a Writ of Habeas Corpus be denied and that Applicant's remaining Claim 2(b) be dismissed with prejudice. (ECF No. 67.) The Magistrate Judge further recommended that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the conclusions in the Recommendation would not be taken in good faith and, therefore, *in forma pauperis* status should be denied for purpose of appeal. (*Id*. at 19.) The Magistrate Judge also recommended that no certificate of appealability be issued by the Court because Applicant has not made a substantial showing of a deprivation of a constitutional right. (*Id*.)

On April 30, 2012, Applicant filed a Request for Extension of Time to Respond to the Recommendation. (ECF No. 68.) The Magistrate Judge granted Applicant's Request on May 1, 2012 (ECF No. 70), and Applicant filed a timely Objection to the Recommendation on June 1, 2012 (ECF No. 71).

For the reasons stated below: (1) the Application for a Writ of Habeas Corpus is denied and Applicant's remaining Claim 2(b) is dismissed with prejudice; (2) Applicant's

-2-

*in forma pauperis* status is denied for purpose of an appeal from this Order; and (3) no certificate of appealability will be issued.

## II.  LEGAL STANDARDS

### A.      Standard of Review

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of the Applicant's *pro se* status, and accordingly, reads his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Applicant's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Applicant of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**B.    28 U.S.C. § 2254**

This Court may review an application for writ of habeas corpus "only on the ground that [an applicant] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  An application cannot be granted unless it appears that the applicant has exhausted available state remedies.  28 U.S.C. § 2254(b)(1).

If an applicant exhausts his available state remedies, his application may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," or (3) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).  A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent.  *Williams*, 529 U.S. at 406.  A decision involves an unreasonable application of clearly established federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue.  *Id.* at 409.  However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly.  Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'"  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other*

*grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, pursuant to this Court's habeas review, a presumption of correctness exists regarding state trial and appellate court findings of fact. *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

If an applicant fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the applicant would be able to raise the unexhausted claims in the state court. *Id.*

If the state court to which the applicant would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the applicant's claims are procedurally defaulted for purposes of federal habeas corpus relief. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal lawm, or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750. The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. *See Demarest*, 130 F.3d at 941.

## III.  ANALYSIS

The Magistrate Judge recommends that the Application for a Writ of Habeas Corpus be denied and that Applicant's remaining Claim 2(b) be dismissed with prejudice.  (ECF No. 67.)  Applicant objects to the Recommendation in its entirety and reiterates arguments that he made in previous filings with the Court.  (ECF No. 71.)  Because Applicant objects to the Recommendation in its entirety, the Court will review the Recommendation *de novo*.

Applicant argues that his appellate counsel who represented him in his direct appeal was ineffective because counsel should have raised the following three additional issues on direct appeal: (1) the admission at trial of Applicant's out-of-court statements that were incomplete and taken out of context; (2) the trial court's refusal to admit evidence of the victim's propensity for violence; and (3) the trial court's refusal to grant a mistrial on three separate occasions.  (ECF No. 34 at 2.)

Applicant contends that he was deprived of his right to effective assistance of counsel on direct appeal pursuant to the Fourteenth Amendment.  The Sixth Amendment, applicable to the states through the Fourteenth Amendment, guarantees a defendant's right in a criminal proceeding to effective assistance of counsel.  *See Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) ("the Sixth Amendment's guarantee of counsel" is "a provision of the Bill of Rights which is fundamental and essential to a fair trial [and it is therefore] made obligatory upon the [s]tates by the Fourteenth Amendment").  As such, the Court evaluates Applicant's claim pursuant to the Sixth Amendment.

Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right is violated when a defendant receives ineffective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970) ("if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel"); *see also Powell v. Ala*bama, 287 U.S. 45, 59 (1932) (when the assistance of counsel "was rather *pro forma* than zealous and active," the "defendants were not accorded the right of counsel in any substantial sense").

In order for a writ of habeas corpus to issue on a claim of ineffective assistance, an applicant must prove two elements: (1) "his counsel's representation fell below an objective standard of reasonableness," and (2) his counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To prove prejudice to a defendant, an applicant must show "that counsel's errors were so serious as to deprive [the applicant] of a fair trial, a trial whose result is reliable." *Id.*; *see also id.* at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."). Moreover, an applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The Court need not address both elements of an ineffective assistance claim if an applicant fails to make a showing on either one of them. *See*

*Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

"A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotations and citation omitted). "In assessing appellate counsel's assistance under *Strickland*, [the Court must] examine the merits of the omitted issue[s]." *Calvert v. Dinwiddie*, No. 11-cv-5044, 2012 WL 414439, at *5 (10th Cir. Feb. 10, 2012).

Here, in order to determine whether appellate counsel was ineffective by not raising the issues described above on direct appeal, the Court reviews the Colorado Court of Appeals' Order affirming the denial of Applicant's first Rule 35(c) motion for an unreasonable application of federal law or a conclusion that is contrary to federal law. After such a review, and after thoroughly reviewing the April 17, 2012 Recommendation, the Court agrees with the Magistrate Judge that the Application for a Writ of Habeas Corpus be should denied and that Applicant's remaining Claim 2(b) should be dismissed with prejudice.

First, Applicant claims that the incompleteness of his statements admitted during trial prejudiced his assertion of self-defense. However, the Court must defer to the Colorado Court of Appeals' interpretation of Colorado state law in its determination of whether Applicant was prejudiced by appellate counsel's performance because "a state court's interpretation of state law, including one announced on direct appeal of the

challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

Here, the Colorado Court of Appeals properly applied the *Strickland* standard and Colorado state law in determining that the admission of what Applicant argues would have been complete statements would not have resulted in a different conclusion on direct appeal.  (ECF No. 10 at 18-21.)  As such, the Court finds that the Colorado Court of Appeals' application of *Strickland* to Applicant's first alleged error by appellate counsel was not contrary to or an unreasonable application of clearly established federal law.  Therefore, Applicant's first allegation of error lacks merit.

Next, Applicant asserts that the trial court's refusal to admit evidence of the victim's propensity for violence prejudiced his defense.  The Colorado Court of Appeals evaluated the merits of Applicant's assertion of error pursuant to Colorado state law, and determined that presentation of the second alleged error on direct appeal would not have warranted a different result because, at trial, defense counsel failed to establish the proper foundation for introduction of the witness's character evidence.  (ECF No. 10 at 22-24.)

After reviewing the Court of Appeals' Order, the Court finds that the Colorado Court of Appeals applied the *Strickland* standard to Applicant's second alleged error by appellate counsel in a manner not contrary to or not constituting an unreasonable application of clearly established federal law.  Accordingly, Applicant's second allegation of error also lacks merit.

Finally, Applicant argues that the trial court's refusal to grant a mistrial on three separate occasions was in error, and should have been raised by appellate counsel on

direct appeal. This Court is limited to determining whether the Colorado Court of Appeals' Rule 35(c) determination "[ran] afoul of federal law." *Bowser*, 20 F.3d at 1065. The Court agrees with the Magistrate Judge that, consistent with Colorado state law prescribing deference to a trial court's decision to grant or deny a mistrial, the Colorado Court of Appeals did not run afoul of federal law when it found that the trial court properly exercised discretion in making the decision to deny Applicant's requests for a mistrial. (ECF No. 10 at 24-27.)

Because the Court finds that the Colorado Court of Appeals properly applied *Strickland* and Colorado state law to its evaluation of Applicant's claim related to his appellate counsel's failure to challenge the trial court's denial of his requests for a mistrial, Applicant's third allegation of error lacks merit as well.

Therefore, in accordance with the forgoing, the Application for a Writ of Habeas Corpus is denied and Applicant's remaining Claim 2(b) is dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Applicant's Objection (ECF No. 71) to the Magistrate Judge's April 17, 2012 Recommendation is OVERRULED and the Recommendation (ECF No. 67) is ADOPTED in its entirety;

2.    The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 24) is DENIED;

3.    Applicant's Claim 2(b) is DISMISSED WITH PREJUDICE;

4.      Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be

taken in good faith and, therefore, *in forma pauperis* status is DENIED for

purpose of appeal.  If Applicant files a notice of appeal, he is ordered to pay the

full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the

United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24; and

5.      No certificate of appealability shall issue because Applicant has not made a

substantial showing of a deprivation of a constitutional right.

Dated this 29th day of June, 2012.

BY THE COURT:

_____

William J. Martínez
United States District Judge